[Civ. No. 4871.   Third Appellate District.—June 16, 1933.]

RAYMOND C. WANN et al., Respondents, v. MOUNT DIABLO FINANCE CORPORATION (a Corporation), Appellant.

622

C. M. Gill and D. P. Eicke for Appellant.

McNoble, Parkinson & Coblentz for Respondents.

PULLEN, P. J.—Plaintiffs, husband and wife, brought this action to rescind the purchase of stock in defendant corporation on two separate grounds; first, failure of consideration in that the stock in question was purchased upon an express agreement and representation by certain officers of defendant that the funds of the corporation to the extent of $25,000 were to be held and used exclusively as a deposit with the state of California, to qualify the Mount Diablo Mutual Benefit and Life Association as a legal reserve insurance company, which plan was abandoned; and secondly, on the ground of fraud in that it was promised to R. C. Wann that he would, upon the purchase of stock in defendant corporation, be elected a director and vice-president therein, which promise was not performed.

Judgment was rendered for plaintiffs, from which judgment defendant prosecutes this appeal.

The testimony discloses that at the time plaintiffs became interested in defendant corporation it was operated exclusively as a personal loan company. The directors of the defendant corporation were also directors of Mount Diablo Mutual Benefit and Life Association, and it was represented to plaintiffs at the time of their subscription to the stock that the money they would pay into the defendant corporation, together with other funds, would be accumulated to loan solely to the life association in order that it

might be deposited with the state as a legal guarantee required by law, thus permitting the life insurance company to qualify as the legal reserve insurance company, to the profit and advantage of defendant corporation.

The evidence shows that the fund instead of being built up as agreed, was loaned to individuals, repayable in ten-month periods. Also a new corporation was formed under the laws of Nevada, which omitted plaintiff R. C. Wann from the management thereof and which changed the general purposes of the Mount Diablo Finance Company and abrogated the plan of the defendant corporation to accumulate a fund of $25,000 for the purposes above mentioned. Plaintiff consented to this reorganization upon the assurance that he was to be a director and officer in the Nevada Holding Company, the new company, but this was not done, and upon the discovery that he was neither an incorporator, director nor officer of the Nevada company, he promptly rescinded. The fact that the fund of $25,000 was not built up does not of itself give plaintiff cause for complaint, for many reasons might arise whereby the accumulation of that amount might be legally impossible, but he may properly protest against the voluntary abandonment of the project without his consent, and on that ground rescind. It is true he consented to the abandonment of the first plan, but conditionally and upon the failure of the proper parties to perform the promised conditions, his original consent to the abandonment was without consideration and could be revoked and he restored to his original status.

Upon the ground of failure of consideration, fraud is not an essential element. The promises by the officers of defendant to plaintiff may have been in good faith and with intent to perform, but if they failed of completion in a material aspect, plaintiff has a right to rescind for such failure. We believe the facts here show such a change in the status between the plaintiffs and the defendant, that should justify a rescission.

In order to induce plaintiff to purchase stock in the corporation, the president of the corporation and the salesman who dealt with plaintiff promised him he would be elected a director and vice-president and that he would continue in such office so long as his investment continued.

Plaintiff, relying upon these promises, and believing that he had been duly elected a director, attended the various meetings of the board of directors and took part in their deliberations.

Certain minutes were introduced in evidence by the defendant which purported to show Wann had been elected a director and second vice-president of the corporation. These minutes, however, were discredited, and the trial court found upon ample evidence to support the finding, that R. C. Wann had never been elected a director of defendant corporation.

Examination of the records of the corporation shows that there was no vacancy on the board of directors at the time the meeting set forth in the minutes referred to. At the same meeting and evidenced by the same minutes, it was attempted to be shown that plaintiff Wann was elected second vice-president of the corporation, but an examination of the by-laws discloses that there was no such office as second vice-president provided for in the organization and that there was no vacancy in the office of vice-president at that time.

Therefore the court found, and we believe justly, that the said Raymond C. Wann had never been elected a director of the defendant corporation and had never been elected a vice-president thereof, all of which facts were well known to the officers of defendant corporation, and by them fraudulently concealed from plaintiffs, and it was further found that except for such promises and representations respondents would not have purchased the stock in question.

Appellant's ground for appeal being solely on the insufficiency of the evidence to support the verdict, we need only examine the record to determine if there exists therein sufficient evidence to justify the finding of the trial court. We believe that we have set forth enough to clearly indicate that such evidence is to be found and it will serve no useful purpose to prolong this opinion by long quotations from the evidence. It is sufficient to state that the findings are amply supported and the judgment should be affirmed.

It is so ordered.

Thompson, J., and Plummer, J., concurred.